## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Peter Michael Guevara,                                         Case No. 24-CV-1482 (PAM/TNL)

                    Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Michelle Margoles, Attorney; Laura
Provinzino, Prosecutor; Paul Schnell,
Commissioner, MN DOC; Warden St.
Cloud Prison, yet to be named; Keith
Craft, case worker for DOC; Charles
Kovats, Jr., former acting US Attorney;
Cory Barth, Ramsey County parole agent;
Shawn Bliven, Ramsey County Fugitive
Task Force; Justin Wilmes, Ramsey
County Fugitive Task Force; Ryan
Ruzich, Ramsey County Fugitive Task
Force; Rory Durkin, attorney; Mathew
Mankey, attorney; Kevin DeVore,
attorney; Rebecca Raye Thorson, former
magistrate judge; Paul Engh, attorney;
Patrick Schiltz, Chief Judge; Christopher
Nguyen, attorney; Katherian Roe, federal
defender; Piper Kenny Wold, attorney;
David Schultz; magistrate judge; Mark
Frittle, Sherburne County employee;
Rebecca Lucar; Sherburne County
employee; Bryan Clutter, Sherburne
County employee; and Laura Morgan,
Sherburne County employee,

                    Defendants.

_____

        Plaintiff Peter Michael Guevara is currently under indictment in this District on one

count of receipt of child pornography and one count of possession of child pornography.

See United States v. Guevara, No. 21-CR-0241 (ECT/DTS) (D. Minn.).  In this action,

Guevara names as Defendants nearly everyone who has had any involvement in that prosecution, including his current and former defense attorneys, the magistrate judge assigned to the case, the magistrate judge formerly assigned to the case, the chief judge of this District, and various prison and jail officials.  Guevara would like for those individuals to be prosecuted criminally themselves pursuant to 18 U.S.C. §§ 241 and 242; he would also like monetary damages pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and for his criminal case to be enjoined.

Because Guevara is a prisoner seeking relief from governmental employees, his complaint is subject to preservice review under 28 U.S.C. § 1915A.  The Court has conducted the required review under § 1915A and concludes that Guevara's complaint is frivolous on its face and therefore subject to summary dismissal.  *See* 28 U.S.C. § 1915A(b).  Guevara lacks standing to initiate a criminal prosecution under §§ 241 or 242, see Kunzer v. Magill, 667 F. Supp. 2d 1058, 1060-61 (D. Minn. 2009); he cannot sue most of the defendants named to this action under Bivens because those defendants are not federal actors, see, e.g., Romero v. Peterson, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a Bivens action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors."); Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (holding that "an attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action"); and for those defendants who are federal actors, extension of a remedy under Bivens to the allegations in the complaint would amount to a novel and unwarranted extension of that case, see Hernandez v. Mesa, 140 S. Ct. 735, 742-43 (2020) (noting that extension of Bivens is a disfavored judicial activity).  The pleading lacks an

2

arguable basis in law and is thus frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Four additional points are worth noting. First, Guevara cannot use lawsuits as a means of circumventing or subverting rulings in his criminal case that he does not like. Civil actions are not an appropriate procedural vehicle through which to present claims of error during an ongoing criminal proceeding. Every one of Guevara's contentions—that his attorneys have provided ineffective assistance, that the prosecutors have committed misconduct, that the magistrate judges have erred in their decisions—must be presented in the criminal case itself, whether through a motion before the judge presiding over his case or (after his case has concluded) through an appeal to the United States Court of Appeals for the Eighth Circuit. See, e.g., Laureano v. United States, No. 19-CV-10986 (CM), 2020 WL 419378, at *3 (S.D.N.Y. Jan. 24, 2020) ("[W]here a defendant is awaiting trial, the appropriate vehicle for [alleging] violations of his constitutional rights are pretrial motions or" through an appeal.) (quotation omitted).

Second, the central premise of Guevara's complaint—that he is constitutionally entitled to have his attorney present exactly the arguments that Guevara wants presented—is simply wrong. A criminal defendant does not have a "constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994). "[M]ost courts force a criminal defendant to fish or cut bait: He can be represented by counsel, or he can represent himself, but he cannot represent himself while being represented by counsel." United States v. Fiorito, No. 07-CR-0212 (1) (PJS/JSM), 2015 WL 2341962, at *8 (D. Minn. May 14, 2015).

Third, civil lawsuits in federal court are not without cost for prisoner litigants. Guevara owes the entirety of the $350.00 filing fee for this action, which must be paid in installments over time from his facility trust account in accordance with 28 U.S.C. § 1915(b)(2). Officials at the facility where Guevara now resides will be apprised of that requirement. Further, because the action is frivolous, the dismissal of this action will constitute a "strike" for purposes of 28 U.S.C. § 1915(g). After three or more strikes, Guevara will be unable to proceed in forma pauperis in federal court absent allegations of imminent danger of serious physical injury; at that point, Guevara will be required to pay the entire filing fee up front at the outset of the case, not in installments over time. Finally, because the action is frivolous, this Court will not grant Guevara in forma pauperis status on appeal—if Guevara appeals and the Eighth Circuit agrees that the matter is frivolous, Guevara will accrue another strike under § 1915(g).

Fourth, plaintiffs cannot bundle defendants into a lawsuit indiscriminately. The Rules allow the joinder of defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Guevara cannot blunderbuss every

4

unrelated grievance he has about his current criminal proceedings, his earlier criminal proceedings, and his prison conditions into a single complaint,[1] and he is warned that future pleadings of this kind may be split across multiple civil actions—with multiple filing fees (and potentially multiple strikes) assessed on each.

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b);

2. Plaintiff Peter Michael Guevara's application to proceed in forma pauperis (Docket No. 2) is **DENIED**;

3. Guevara must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Guevara is confined; and

4. Because this action is frivolous, an appeal could not be taken from the dismissal of this action in good faith, and Guevara will not be granted in forma pauperis status on appeal from the dismissal of this matter.  See 28 U.S.C. § 1915(a)(3).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 29, 2024          s/Paul A. Magnuson

                                       Paul A. Magnuson
                                       United States District Judge

---

[1] For example, the Court regards Guevara's ancillary claims of unlawful seizure of property while in prison and the defendants against whom those claims are brought to be misjoined for purposes of Rule 20(a)(2) and therefore those defendants would be dismissed from this litigation pursuant to Rule 21 even if this matter were to proceed.